UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

Charleston Division

| | | |
|---|---|---|
| EVELYN D. GASKINS, | ) | 2:13-cv-00788-DCN |
| PLAINTIFF, | ) | |
| VS. | ) | COMPLAINT |
| BUREAU OF COLLECTION RECOVERY, LLC | ) | JURY TRIAL DEMANDED |
| DEFENDANTS. | ) | |
| | ) | |

THE PLAINTIFF THROUGH AND BY HER UNDERSIGNED ATTORNEY WOULD SHOW UNTO THE COURT AND COMPLAINS OF THE DEFENDANT THE FOLLOWING:

JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the invasions of Plaintiffs' personal privacy by these Defendants in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

PARTIES

4. Plaintiff, Evelyn D. Gaskins is a natural person who resides in the City of Summerville, County of Charleston, State of South Carolina, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Bureau of Collection Recovery, LLC (hereinafter "Defendant") is a collection agency operating from an address of 7575 Corporate Way, Eden Prairie, MN 55344 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

FACTUAL ALLEGATIONS

6. On or around October, 2008, Plaintiff entered into settlement negotiations to settle a debt with FingerHut, Direct Marketing, Inc. (hereinafter "Original Creditor") for an incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), which was used to make Plaintiff personal purchases of clothing, and shelter-related items.

7. The Original Creditor accepted an offer to settle with Plaintiff for payoff of the account in the amount of Two Hundred Sixty Six Dollars and no/100 ($266.00).

8. Subsequently, Plaintiff forwarded timely payment to Original Creditor and the check cleared November 6, 2008.

9. On or about December 2, 2011, representatives from Defendant began contacting Plaintiff alleging amounts due on this settled account. Additionally, Plaintiff received a letter dated December 6, 2011 from the Defendant's alleging amounts due on this settled account.

10. These attempted to collect a debt from Plaintiff are communications in an attempt to collect a debt as that term is defined in 15 U.S.C. § 1692a(2).

11. The conduct of the Defendant in harassing Plaintiff in an effort to collect this debt by repeatedly engaging Plaintiff in phone calls and by written correspondence was a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(10), and 1692f, amongst others

12. The conduct of the Defendant in an effort to collection this debt from Plaintiff knowing that this debt had been settled by the Original creditor is a violation of the FDCPA, as it is an unfair trade practice and the Defendant utilized false statements and misrepresenting any amounts it claims Plaintiff owes for this debt.

13. The conduct of the Defendant in an effort to collect this debt from Plaintiff after being notified in writing by Plaintiff's legal counsel that this debt is a settled account, violations the FDCPA due to the fact that Defendant's did not communicate with Plaintiff's legal counsel once notified, but continued to contact the Plaintiff directly to collect on this debt.

14. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified invasions of personal privacy at Plaintiff's home.

15. Plaintiffs are entitled to and hereby respectfully demands a trial by jury.

## CAUSES OF ACTION

COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq. 19. As a result Defendant's violations of the FDCPA, Plaintiffs are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1000.00 pursuant to 15

U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

a. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

b. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

c. Or an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

d. For such other and further relief as may be just and proper.

June 6, 2012

/s/ Wendy M. Bowen
_____
Bowen Amaker, LLP, Attorneys at Law
Wendy M. Bowen, Esq.
Fed. Bar #11159
S.C. State Bar # 71742
1320 Main Street, Suite 300
Columbia, SC 29201
803.724.1320(p)
866.261.7161(efax)
wbowen@wmbowen.com